IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BROMLEY HACKNEY,**

      **Petitioner**                                     **CASE NO. 2:06-cv-796**
                                                              **JUDGE HOLSCHUH**
                                                              **MAGISTRATE JUDGE KING**

**JEFFREY WOLFE, Warden,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

### I. PROCEDURAL HISTORY

According to the petition, this action involves petitioner's March 20, 2003, guilty plea in the Franklin County Court of Common Pleas to one count of engaging in a pattern of corrupt activity, in violation of O.R.C. §2929.32, and two counts of trafficking in cocaine, in violation of O.R.C. §2925.03. On May 20, 2003, petitioner was sentenced to an aggregate term of seven years incarceration. He never filed an appeal. On April 4, 2006, he filed a petition for a writ of habeas corpus with the Ohio Supreme Court, which action was dismissed *sua sponte* on May 24, 2006.

On September 20, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>1. Whether the State artificially enhanced the criminal liability of the petitioner through improper sentence factor manipulation?
>
>2. Whether the law of the State of Ohio required the sentencing court to impose the minimum term of incarceration upon the petitioner?
>
>3. Whether the petitioner's counsel rendered an unconstitutionally deficient performance?
>
>4. Whether the petitioner has effectively exhausted all state remedies available to him, permitting federal review?

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. §2244(d) provides:

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on June 20, 2003, when the time period expired to file a timely appeal to the state appellate court. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A).  The statute of limitations expired one year later, on June 20, 2004.  Petitioner's April 4, 2006, state habeas corpus petition did not toll or otherwise affect on the statute of limitations, since that action was filed long after the statute of limitations had already expired.  "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004) (citations omitted).

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 25, 2006                                                  <u>  s/Norah McCann King  </u>
                                                                Norah McCann King
                                               United States Magistrate Judge